December 29, 2009

Honorable Judge Robert E. Grossman
United States Bankruptcy Court
290 Federal Plaza  Courtroom 860
Central Islip, NY 11722

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
2010 JAN -4  P 4: 16
RECEIVED

Re: Goldan, LLC
Chapter 7
Case No: 09-70955 REG

Dear Judge Grossman:

I submit this letter in partial objection to the motion, by the Chapter 7 Trustee seeking authorization to sell Debtor's 50% interest in Jaco Builders Sterling Lane, LLC to Daniel Perla Associates LP. I only received the motion today.

The reason for the objection is that the Trustees proposed sale, by definition, must include the Debtor's claim against the other remaining 50% owner, Jaco Builders. This claim has value, which I believe to be in excess of $500,000. Thus the Trustee

seeks to sell this asset for less than 10% of its value.

I do not object to the proposed sale of the property to the prospective purchaser nor do I believe my objection would adversly affect the sale.

The joint venture agreement between Golden and Taco Builders provided for a 50% interest to each party which interest included an equal distribution of profits and losses.

The total cost of this project, including acquisition and construction was financed, in part, by the mortgages referred to in the moving papers and, in part, by cash infusion from Golden. Although I do not have the precise amount as I presently do not have access to the company's books and records, I believe the total cost of this project, including interest paid and/or payable to the creditors of the estate exceeds

-2-

$5,400,000. The sale proposed by the Trustee, which most likely represents the present fair market value, would thus leave a shortfall, loss in excess of $1,000,000. Since Gordon paid almost this entire amount (from Creditor's funds) Jaco owes the estate 50% of this shortage.

Moreover I believe the claim is collectible. Why else would Perla be willing to pay $50,000 for it? Jaco has been in business for many years and has assets which would be subject to collection. These assets include equipment and executory contracts including but not limited to the likelihood of a contract for customization work to be done after sale to the subject property.

The Court should question the logic behind this proposed sale. The Trustee need not sell its claim against Fetner, the owner of Jaco. Such sale is superfluous. Perla, as a

-3-

your as mortgagee has little choice but to accept a reduced payout.

Regarding standing to raise this objection, I believe I possess same as I, with Jeff Daniels were the owners of the debtor. At present, I am incarcerated at the Nassau County Jail as a result of being charged with wire and bank fraud. I do not have access to a computer and the Jail doesn't even have a working typewriter. Even the copier only works sporadically. Obviously I apologize for my handwriting. I have also sent a handwritten copy of this letter to counsel for the Trustee.

Thank you for the opportunity to be heard.

Respectfully,
*Mark Goldman*
Mark Goldman

cc: LaMonica Herbst & Maniscalco, LLP