**LAMONICA HERBST & MANISCALCO, LLP**  **Hearing Date: June 1, 2011 at 9:30 a.m.**
3305 Jerusalem Avenue **Objections Due: May 25, 2011 by 12:00 p.m.**
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                                              Chapter 7

GOLDAN, LLC,                                    Case No.: 09-70955-REG

                        Debtor.
---------------------------------------------------------x

**NOTICE OF HEARING ON MOTION FOR THE ENTRY OF AN ORDER APPROVING THE STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND COMMUNITY NATIONAL BANK PROVIDING FOR THE TERMS AND CONDITIONS FOR THE SALE OF THE REAL PROPERTY KNOWN AS, AND LOCATED AT, <u>3366 PARK AVENUE, WANTAGH, NEW YORK 11793</u>**

**PLEASE TAKE NOTICE**, that on **<u>June 1, 2011 at 9:30 a.m.</u>**, or soon thereafter as counsel may be heard, a hearing shall be heard before the Honorable Robert E. Grossman, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 (the "Court") on the motion (the "Motion") of Allan B. Mendelsohn, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Goldan, LLC (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order: (I) approving the stipulation between the Trustee and Community National Bank providing for the terms and conditions for the sale of the real property known as, and located at, 3366 Park Avenue, Wantagh, New York 11793, a copy of which is annexed to the Motion as <u>Exhibit "A"</u>; and (II) granting the Trustee such other, further and different relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, 290 Federal Plaza, Central Islip, New York 11722, and served upon, so as to be received by LaMonica Herbst & Maniscalco, LLP, Attention: Salvatore LaMonica, Esq., no later than **May 25, 2011 by 12:00 p.m.**, which is seven (7) days prior to the return date on the Motion, as follows: (I) through the Bankruptcy Court's electronic filing system (in accordance with Orders No. 473, which may be accessed through the Internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (II) in portable document format (pdf) using Adobe Exchange software for conversion; or (III) if a party is unavailable to file electronically, such parties shall submit the objection in pdf form on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the hearing on the Motion may be adjourned from time to time without any other announcement other than as set forth in open Court.

Dated: May 5, 2011
       Wantagh, New York

                               **LaMONICA HERBST & MANISCALCO, LLP**
                               Counsel to Allan B. Mendelsohn, the Chapter 7
                               Trustee of the estate of Goldan, LLC

                 By:     *s/ Salvatore LaMonica*
                         Salvatore LaMonica, Esq.
                         A Member of the Firm
                         3305 Jerusalem Avenue, Suite 201
                         Wantagh, New York 11793
                         Telephone: (516) 826-6500

**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                        Chapter 7

GOLDAN, LLC,                         Case No.: 09-70955-REG

                    Debtor.
---------------------------------------------------------x

**MOTION FOR THE ENTRY OF AN ORDER APPROVING THE STIPULATION
BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND COMMUNITY NATIONAL
BANK PROVIDING FOR THE TERMS AND CONDITIONS FOR THE SALE OF THE
REAL PROPERTY KNOWN AS, AND LOCATED AT, 3366 PARK AVENUE,
<u>WANTAGH, NEW YORK 11793</u>**

**To:    The Honorable Robert E. Grossman
        United States Bankruptcy Judge**

        Allan B. Mendelsohn, Esq. (the "Trustee"), the Chapter 7 Trustee of the estate of Goldan, LLC, (the "Debtor") by his counsel, LaMonica Herbst & Maniscalco, LLP, in support of his Motion seeking the entry of an Order: (I) approving the stipulation between the Trustee and Community National Bank providing for the terms and conditions for the sale of the real property known as, and located at, 3366 Park Avenue, Wantagh, New York 11793 (the "Stipulation"), a copy of which is annexed as <u>Exhibit "A"</u>; and (II) granting the Trustee such other, further and different relief as the Court deems just and proper respectfully sets forth and represents as follows:

**<u>JURISDICTION AND VENUE</u>**

        1.    This Court has jurisdiction to hear and determine this matter under 28 U.S.C. §§ 157 and 1334 and the reference order of cases to bankruptcy judges for the Eastern District of New

York.

2.    Venue of the Debtor's chapter 7 case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.    This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4.    The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363(b), 363(f) and 506(c) and rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### A. Procedural Background

5.    On February 18, 2009 (the "Petition Date"), an involuntary petition was filed against the Debtor by the petitioning creditors, Michael Lipton, Daniel Perla, and Louis Fox for relief under Title 11 of the United States Code (the "Bankruptcy Code").

6.    An involuntary summons was issued on February 19, 2009. An Order for relief was entered on February 20, 2009.

7.    On February 20, 2009, the Trustee was appointed the Interim Chapter 7 Trustee in this matter. He has since duly qualified and is the permanent Trustee in this case.

### B. Factual Background

8.    Until on or about June 28, 2007, the Debtor held all right, title and interest in the commercial real property known as, and located at, 3366 Park Avenue, Wantagh, New York 11793, designated Section 57, Block 91, Lot 2, 13 and 111 on the Tax Map of Nassau County (the "3366 Property").

9.    On or about June 14, 2007, 3366 Park Avenue LLC (the "3366 LLC") was formed as a domestic limited liability corporation by the principals of the Debtor, Mark Goldman and Jeffrey

4

Daniels. Or about June 21, 2007, the Debtor and Peter Capone, as Trustee of the Capone Revocable Trust dated July 31, 1995 (the "Capone Trust"), entered into a purported operating agreement, which provided, among other things, that the Debtor and the Capone Trust would each hold a 50% membership interest in the 3366 LLC in exchange for the capital contributions reflected in that operating agreement.

10. By deed dated June 28, 2007 and recorded March 12, 2008, the Debtor conveyed all right, title and interest in part of the 3366 Property, namely Lot 2, to 3366 LLC. By deed dated September 25, 2008 and recorded October 8, 2008, denominated a "correction deed", the Debtor conveyed all right, title and interest in each of the lots comprising the 3366 Property. According to the transfer documents recorded in connection with the transfers of the Debtor's interests in the 3366 Property, there was no consideration paid in connection with those transfers.

11. On or about September 25, 2008, Community National Bank ("CNB") agreed to loan to 3366 LLC the principal sum of $2,750,000.00 (the "Loan") to be secured by a first mortgage lien upon the 3366 Property. On or about September 25, 2008, 3366 LLC made and delivered to CNB the following loan documents (the "Loan Documents"): Re-stated Mortgage Note (the "Note") in the principal sum of $2,750,000.00; Collateral Assignment of Rents and Leases; and Consolidation, Extension an Modification of Mortgage Agreement (the "Mortgage"), which Loan Documents were recorded in the office of the Nassau County Clerk on October 8, 2008, and, by virtue of which, the Mortgage constitutes a valid first lien upon the 3366 Property. Pursuant to the Loan Documents, 3366 LLC assigned to CNB all rents, leases, issues and profits of the 3366 Property as further security for the Loan.

12. By Order to Show Cause dated February 13, 2009, supporting documents and

complaint dated February 12, 2009, CNB commenced an action against the Debtor and other parties in the Supreme Court of the State of New York, County of Nassau, under Index No. 002553/09 (the "Community Action"). In the complaint filed in the Community Action, CNB asserted it was the holder of a valid first lien against the 3366 Property, that its lien is superior to that of the other parties, that it is entitled to all rents, leases and profits derived from the 3366 Property and that certan actions taken in a related action in the Supreme Court of the State of New York, County of Nassau violated and impaired CNB's rights under the Loan Documents. On or about April 16, 2009, the Community Action was removed to this Court by the Trustee.

13.     On January 21, 2010, Peter Capone, Peter Capone Defined Benefit Pension Plan, Chesapeake Hills General Partnership and 3366 LLC filed an answer to CNB's complaint in the Community Action, which included a counterclaim against CNB on behalf of the Capone Trust, alleging that it owed a fifty-percent (50%) interest in 3366 LLC, that the granting of the Mortgage was in derogation of the Capone Trust's alleged ownership rights and, as a result, seeking a declaration that the Mortgage is improper, invalid, null and void and should be cancelled as a matter of record.

14.     Thereafter, on or about May 21, 2010, CNB filed an amended complaint in the Community Action in accordance with an Order of this Court. On or about July 6, 2010, the Trustee interposed an answer to CNB's amended complaint and, on or about July 16, 2010, Peter Capone, Peter Capone Defined Benefit Pension Plan, Chesapeake Hills General Partnership and 3366 LLC also interposed an answer to the amended complaint.

15.     CNB has asserted that, as of the Petition Date, the Debtor was indebted to CNB in the principal amount of $2,873,396.39, plus per diem interest in the daily amount of $488.72 (the "CNB Lien"). As of February 25, 2011, CNB asserted that the sum of $2,941,365.29 was required to satisfy

the CNB Lien.

16. The Trustee has disputed the amount alleged to be due and owing to CNB under the terms of the Loan and Loan Documents.

17. However, the Trustee and CNB believe that, in order to avoid protracted and expensive litigation regarding the Debtors's interest in the 3366 Property and in order to afford value to CNB and the estate, an expedited sale of the 3366 Property is in the best interests of the parties. The Trustee and CNB agree that a sale in accordance with the Bankrptcy Code will provide the greatest distribution and possibility of a realization of value from the 3366 Property for the benefit of CNB, the estate and its creditors.

**C.** **The Stipulation between the Trustee and CNB**

18. The Trustee and CNB have entered into the Stipulation, a copy of which is annexed as Exhibit "A", which provides for the consensual sale of the 3366 Property through David R. Maltz & Co., Inc. ("Maltz"), who the Trustee will seek to retain as his auctioneer to conduct a public auction sale of the 3366 Property.

19. As set forth in the Stipulation, for purposes of the auction sale, the secured claim of CNB in and to the 3366 Property shall be fixed and allowed in the amount of $2,920,167.01, together with additional per diem interest in the amount of $479.62 for the period April 1, 2011 through the date of sale (the "Stipulated CNB Lien"). The Stipulation further provides that CNB shall be authorized to credit bid the Stipulated CNB Lien pursuant to section 363(k) of the Bankruptcy Code and shall not be required to pay to the Trustee a deposit at the auction sale of the 3366 Property.

20. The Stipulation also provides that the following terms and conditions shall govern the public auction sale and the solicitation of offers to purchase the 3366 Property:

      a)     The bidder submitting the highest competing offer must sign an agreement agreeing to be bound by certain terms and conditions of sale;

      b)     Any competing offer must not be contingent on any unperformed due diligence or contingent upon the competing offeror obtaining financing;

      c)     The competing offeror must demonstrate, to the satisfaction of the Trustee, evidence of its ability to conclude the transaction on or before 45 days from the date of the auction sale;

      d)     The competing offeror must provide, at or before the auction sale, a certified check made payable to Trustee equal to 10% of the competing offer;

      e)     In the case of any subsequent competing offer after the initial bid made by a third party, the bidding will be in increments of $50,000.00; and

      f)     The competing offeror shall be responsible for the payment of any and all transfer taxes and recording fees in connection with the sale.

21.     The Trustee and CNB recognize and agree that the sale proceeds may be insufficient to satisfy the administrative costs and expenses associated with the sale of the 3366 Property. Accordingly, if CNB submits the highest and best offer to purchase the 3366 Property and such offer is accepted by the Trustee (the "CNB Bid"), the Trustee shall convey the 3366 Property to CNB by Trustee's deed upon CNB's payment and delivery of the of the following sums to the Trustee: (a) statutory commissions of the Trustee up to the sum of 1% of the CNB Bid; (b) up to the sum of $35,000.00 as attorneys' fees and expenses for the Trustee's undersigned counsel; (c) commissions of Maltz, equal to the sum of $25,000.00, together with actual and necessary out-of-pocket expenses; (d) the sum of $40,000.00 to the Trustee for the benefit of the estate and its creditors; and (e) such other sums that may be needed at closing in order to properly close title such as title fees, recording costs and real estate tax adjustments not to exceed $15,000.00.

22.     However, in the event that a third party other than CNB submits the highest and best offer at the Auction Sale, and such offer is accepted and closed by the Trustee (the "Third Party

Sale"), the following costs and expenses of the sale and sums for the benefit of the estate shall be "carved-out" of the Stipulated CNB Lien: (a) statutory commissions of the Trustee up to the sum up to the sum of 2.0% of the Third Party Sale; (b) up to the sum of $35,000.00 as attorneys' fees and expenses for the Trustee's undersigned counsel; (c) commissions of Maltz, equal to the sum of $25,000.00, plus 10% of any sums bid in excess of $3.0 million dollars, together with Maltz's actual and necessary out-of-pocket expenses; (d) the sum of $40,000.00 to the Trustee for the benefit of the estate; and (e) such other sums that may be needed at closing in order to properly close title such as title fees, recording costs and real estate tax adjustments not to exceed $15,000.00 (the "Carve Out"). The Stipulation provides that the balance of the sale proceeds after the payment of the Carve Out shall be paid to CNB up to the amount of the Stipulated CNB Lien. However, in the event the sale proceeds exceed the sums due to CNB on account of the Stipulated CNB Lien (less the Carve Out), the Stipulation provides that any other proceeds of sale shall be retained by the Trustee in a separate account for the benefit of the estate and any junior lien holders with secured claims against the 3366 Property, subject to further order of this Court.

23.     Finally, the Stipulation provides that the Trustee shall be authorized and allowed to to distribute the net proceeds of sale to CNB in accordance with the Stipulation as soon as is practicable after the sale without further Order of the Court.

24.     The Stipulation, which is annexed as <u>Exhibit "A"</u>, is made a part hereof and incorporated herein. The Court and all interested parties are respectfully referred to the Stipulation for the precise terms and conditions thereof.

**RELIEF REQUESTED**

25.     The Trustee respectfully submits that the sale of the 3366 Property pursuant to the terms of the Stipulation will provide the estate with an opportunity to realize value from the Debtor's interest in the 3366 Property. In addition, the Stipulation will allow the estate to share the cost and expense of conducting a public auction sale with CNB, the creditor secured in and to the 3366 Property. Furthermore, whether CNB or a third party tenders the highest and best offer for the 3366 Property, the Stipulation provides for the payment of at least $40,000.00 to the bankruptcy estate for the benefit of the creditors, plus additional sums to the Trustee and his professionals to satisfy the administrative costs and expenses associated with the sale. Thus, the Trustee respectfully submits that the approval of the Stipulation is in the best interest of this estate and its creditors.

26.     In accordance with rule 2002 of the Federal Rules of Bankruptcy Procedure, the Trustee is serving notice of this Motion on all known creditors of the estate, all known parties in interest and any other party in interest that has filed a Notice of Appearance and Request for Service. The Trustee respectfully submits that the service as set forth herein is more than adequate under the circumstances.

27.     No previous application for the relief requested herein has been made to this or any other Court.

28. For the reasons set forth above, the Trustee requests that the entry of an Order authorizing and approving the Stipulation and granting the Trustee such other, further and different relief as is just and proper.

Dated: May 5, 2011
       Wantagh, New York

                            **LaMONICA HERBST & MANISCALCO, LLP**
                            Counsel to Allan B. Mendelsohn, the Chapter 7
                            Trustee of the estate of Goldan, LLC

By:    *s/ Salvatore LaMonica*
         Salvatore LaMonica, Esq.
         A Member of the Firm
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Goldan, LLC\3366 Park\NOM & Motion to Approve Stip.wpd*