**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                         Chapter 7
                                                               Case No: 09-70955-REG
GOLDAN, LLC,

                  Debtor.
-------------------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF AN ORDER CONFIRMING THE SALE, FREE AND
CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND SECURITY INTERESTS,
OF THE COMMERCIAL PROPERTY KNOWN AS, AND LOCATED AT,
<u>3366 PARK AVENUE, WANTAGH, NEW YORK 11793</u>**

SALVATORE LaMONICA, ESQ., being duly sworn deposes and says:

　　　　1.　　　　I am a member of LaMonica Herbst & Maniscalco, LLP, counsel to Allan B.

Mendelsohn, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Goldan, LLC (the "Debtor").

As such, I am fully familiar with the facts and circumstances of this case and the matters set forth in

this Affirmation.

　　　　2.　　　　On August 4, 2011, the Trustee held a public auction sale (the "Auction Sale") of

the Debtor's interest in the commercial real property known as, and located at, 3366 Park Avenue,

Wantagh, New York 11793 (the "Property"). The Auction Sale was scheduled in accordance with the

Order dated June 9, 2011 approving the stipulation between the Trustee and Community National

Bank ("Stipulation"): (i) authorizing the Trustee to sell the Property; (ii) fixing the secured claim of

Community National Bank; and (iii) providing for a carve-out pursuant to 11 U.S.C. § 506 (c).

　　　　3.　　　　Prior to the Auction Sale, the Trustee served a Notice of Intended Sale upon all

interested parties [Doc. No. 269]. As such, notice of the Auction Sale was provided in accordance with

1

11 U.S.C. §§ 102, 363(b) and (f) and Rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure.

4.      Copac Realty Corp. (the "Buyer"), having bid the sum of two million five hundred thousand dollars ($2,500,000.00) (the "Purchase Price"), was the successful bidder for the Property. The offer from the Buyer to purchase the Property for the Purchase Price was the highest and best offer received by the Trustee at the Auction Sale. At the Auction Sale, the Buyer executed Terms and Conditions of Sale and a Memorandum of Sale.

5.      The Buyer has provided the Trustee with a $250,000.00 deposit (the "Deposit") for the Property.

6.      The sale to the Buyer is an arms-length transaction, and the sale of the Debtor's interest in the Property to the Buyer is being entered into in good faith by the parties. As such, the Trustee submits that the Buyer will be acting in good faith pursuant to 11 U.S.C. § 363(m) in closing on the sale of the Debtor's interest in the Property.

7.      Furthermore, the sale of the Debtor's interest in the Property to the Buyer, or its designee, is a reasonable exercise of the Trustee's business judgment. The Trustee and his professionals actively marketed and advertised the Auction Sale of the Property. The Buyer's offer for the Purchase Price represents the highest and best offer received by the Trustee, and the Trustee believes that the offer is fair and reasonable. As such, a valid business purpose exists for the approval of the sale of the Debtor's interest in the Property to the Buyer pursuant to 11 U.S.C. §§ 363(b), (f) and (m).

      8.      Accordingly, the Trustee requests that the Court approve the annexed Order confirming the sale of the Debtor's interest in the Property.

                                   *s/ Salvatore LaMonica*
                                     SALVATORE LAMONICA

Sworn to before me this
12th day of August 2011

*s/ Melanie A. FitzGerald*
MELANIE A. FITZGERALD
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2013

*M:\Documents\Company\Cases\Goldan, LLC\3366 Park\AFF confirming sale.wpd*