UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

                                                       Chapter 7

GOLDAN, LLC,                                 Case No.: 09-70955-REG

                       Debtor.
---------------------------------------------------------------x

**ORDER CONFIRMING THE SALE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND SECURITY INTERESTS, OF THE COMMERCIAL REAL PROPERTY KNOWN AS, AND LOCATED AT, 3366 PARK AVENUE, WANTAGH, <u>NEW YORK 11793</u>**

UPON the Order dated June 9, 2011 approving the stipulation (the "Stipulation") between Allan B. Mendelsohn, Esq., as Chapter 7 Trustee of the estate of Goldan, LLC, and Community National Bank ("CNB"): (i) authorizing the Trustee to sell the Debtor's real property known as, and located at, 3366 Park Avenue, Wantagh, New York 11793 (the "Property"); (ii) fixing the secured claim of CNB; and (iii) providing for a carve-out from the sale proceeds pursuant to 11 U.S.C. § 506 (c) [Doc. No. 264]; and upon the Affidavit of Service evidencing proof of service of the Notice of Public Auction Sale of Commercial Real Property having been filed with the Court [Doc. No. 269]; and competitive bidding having taken place at the public auction sale held on August 4, 2011 (the "Auction Sale"); and Copac Realty Corp. (the "Buyer") having bid the sum of two million five hundred thousand dollars ($2,500,000.00) (the "Purchase Price") for the Property, which was the highest bid at the Auction Sale; and the Buyer having provided the Trustee with a deposit in the amount of two hundred and fifty thousand dollars ($250,000.00) (the "Deposit"); and the Trustee having determined that the offer from the Buyer to purchase the Property for the Purchase Price in accordance with the Terms and Conditions of Sale that were executed by the Buyer at the Auction Sale (the "Terms and Conditions") is the highest and best offer; and upon the affirmation dated

August 12, 2011 of Salvatore LaMonica, Esq. seeking to confirm the sale of the Property to the Buyer for the Purchase Price; and it appearing that due and appropriate notice of the Auction Sale was provided; and no further notice need be given; and good and sufficient cause appearing therefor,

**THE COURT FINDS AND DETERMINES THAT:**

    a.    Proper, timely, adequate and sufficient notice of the Auction Sale was provided in accordance with 11 U.S.C. §§ 102, 363(b) and (f) and Rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure, which notice adequately described the nature of the Auction Sale.

    b.    The offer from the Buyer to purchase the Property for the Purchase Price is the highest and best offer received by the Trustee after a period of notice during which third-parties had an opportunity to seek information and enter into discussions or negotiations with the Trustee concerning the Auction Sale of the Property.

    c.    The sale to the Buyer is an arms-length transaction and is being entered into in good faith by the parties.

    d.    The Trustee has advanced sound business justification for seeking to sell the Property to the Buyer, and such sale is a reasonable exercise of the Trustee's business judgment to sell the Property to the Buyer and to perform his obligations under the Stipulation and the Order.

    e.    A valid business purpose exists for the approval of the sale to the Buyer pursuant to 11 U.S.C. § 363.

    f.    In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to 11 U.S.C. § 363 (m) in closing on the sale of the Property after the entry of this Order.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that, pursuant to 11 U.S.C. §§ 363(b), (f), (h) and (m), the Trustee is authorized, empowered and directed to sell the Property to the Buyer or its designee, including 3366 PAW LLC, free and clear of all Liens, with any such Liens to attach to the net proceeds of sale to the same extent and with the same priority as they existed on the filing date, subject to any covenants and restrictions

of record, and subject to the terms and conditions of this Order, for the Purchase Price of two million five hundred thousand dollars ($2,500,000.00) (the "Purchase Price"); and, it is further

**ORDERED**, that the sale of the Property to the Buyer or its designee, including 3366 PAW LLC, for the Purchase Price is subject to the terms and conditions of the Stipulation between the Trustee and CNB; and, it is further

**ORDERED,** that other than CNB, which holds a valid first mortgage lien against the Property, no other secured mortgage or lien holders are entitled to a distribution from the Purchase Price and the Purchase Price will be divided between the Debtor's estate and CNB in accordance with ¶ 4 of the Stipulation; and, it is further

**ORDERED**, that, in the absence of a stay pending appeal, if the Buyer or its designee, including 3366 PAW LLC, closes on the sale of the Property at any time on or after the entry of this Order, then the parties shall be entitled to the protection of 11 U.S.C. § 363(m), or any authorization contained herein in its entirety on appeal; provided further that the purchase of the Property by the Buyer or its designee, including 3366 PAW LLC, constitutes a good faith purchase for fair value within the meaning of 11 U.S.C. § 363(m); and, it is further

**ORDERED**, that the sale approved by this Order is not subject to avoidance under 11 U.S.C. § 363(n); and, it is further

**ORDERED**, that in the event that the Buyer or its designee, including 3366 PAW LLC, fails to close on the sale of the Property in accordance with the Terms and Conditions, then the Trustee is entitled to retain the Buyer's Deposit and to close on the sale of the Property with the second highest bidder from the Auction Sale without further order of the Court; and, it is further

**ORDERED**, that the fourteen-day stay provided for in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure shall not be in effect and, pursuant to Rule 7062 of the

Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and, it is further

**ORDERED**, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property outlined herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and, it is further

**ORDERED**, that the Trustee is authorized, empowered and directed to execute such documents, enter into, and to take such actions as are necessary to: (i) effectuate a sale of the Property to the Buyer or its designee, including 3366 PAW LLC; (ii) implement the terms of this Order; and (iii) effectuate the closing of title to the Property, including, without limitation, executing a deed on behalf of 3366 Park Avenue LLC to the Buyer or its designee, including 3366 PAW LLC, and paying and satisfying from the proceeds of sale, once the funds have cleared the Trustee's account, any and all costs relating to the sale, including the normal and customary closing costs in accordance with the Stipulation.

**Dated: Central Islip, New York**
**August 31, 2011**

**Robert E. Grossman**
**United States Bankruptcy Judge**